IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FIRSTBANK PUERTO RICO

    Plaintiff

          v.                             **Civil No. 09-1834 (SEC)**

MDS CARIBBEAN SEAS LIMITED, et al

    Defendants

**OPINION and ORDER**

Pending before this the United States of America's ("United States") Motion to Dismiss or Stay (Docket # 11), and Plaintiff's opposition thereto (Docket # 17). After reviewing the filings, and the applicable case law, the United States' request for dismissal without prejudice shall be **GRANTED**.

**Factual and Procedural Background**

The present action was brought by Plaintiff, FirstBank of Puerto Rico, the alleged holder of a promissory note for $1,212,000.00 granted by MDS Caribbean Seas Limited ("MDS"), and its shareholders Michael Diaz ("Diaz") and Omayra Rodriguez ("Rodriguez), and guaranteed by a preferred ship mortgage for $1,212,000.00 on the motor vessel Black Sea M.V. ("the Vessel") owned by MDS. In March 2009, the Vessel was seized by the United States during a drug enforcement action, which led to the criminal case U.S. v. Andujar-Aponte, Crim. No. 09-096 (D.P.R. 2009), against herein unnamed individuals for conspiracy to possess, distribute, and import controlled substances.

After the seizure of the Vessel, MDS defaulted on its obligations to Plaintiff, who now seeks to foreclose on the mortgage. Accordingly, Plaintiff began an administrative forfeiture proceeding with United States Customs and Border Protection ("CBP") to reclaim the Vessel, but said proceeding was put on hold by CBP pending the resolution of the criminal case.

**CIVIL NO. 09-1834 (SEC)**                                                                                                    **Page 2**

Having seen its administrative efforts stymied, Plaintiff now seeks to enforce its claim for outstanding indebtedness against the Vessel under 46 U.S.C. Sec. 31325. Plaintiff avers that it should be adjudged holder of a first preferred ship mortgage, that this Court declare its lien to be superior to all others, and that the mortgage be foreclosed, and the Vessel sold to pay its demands and claims against MDS, Diaz, and Rodriguez.

The pleadings do not indicate that any of the parties in the present action are co-defendants in the criminal action. Nevertheless, the United States alleges that the Vessel is subject to forfeiture upon conviction of the defendants in the criminal action pursuant to 21 U.S.C. Sec. 853 & 881, and 46 U.S.C. Sec. 70507. The United States also alleges that the current maritime foreclosure suit is barred by 21 U.S.C. Sec. 853(k), and thus prays for dismissal under Fed. R. Civ. P. 12(b)(6).

**Standard of Review**

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[1] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to

---

[1] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 09-1834 (SEC)**  Page 3

the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,'but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

**Relevant Law and Analysis**

The United States alleges that Plaintiff's suit with respect to its alleged interest in the Vessel is barred by 21 U.S.C. § 853(k). See Docket # 11 at 3. The Government's specific argument is that 21 U.S.C. § 853(k), incorporated by 18 U.S.C. § 982(b)(1), specifically bars third party claimants on property subject to criminal forfeiture from commencing any action against the United States with respect to said property, ". . . except by filing a claim in the ancillary forfeiture proceeding, to be held after the defendants have been convicted and a forfeiture order has been entered . . ." Id.   The text of the relevant section states:

> Except as provided in subsection (n) of this section [i.e., the ancillary notice and earing provision], no party claiming an interest in property subject to forfeiture under this section may – (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k)

Accordingly, the guidelines for third party interventions are set forth in 28 U.S.C. § 853(n) of the Comprehensive Drug Abuse Prevention and Control Act. This section explains that claims by third party interests in forfeited property begin "[f]ollowing the entry of an order of forfeiture [under § 853] . . .," when the United States must publish notice of its intention to dispose of the property, and, "to the extent practicable, provide direct written notice to any person  known to have alleged an interest in the property. . ." 28 U.S.C. § 853(n)(1). At this point, a third party may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property," (28 U.S.C. § 853(n)(2)), where it must prove either at the time of the acts 1) a superior interest to the defendant, or 2) a *bona fide* purchase without cause to believe that the property was subject to forfeiture. See 21 U.S.C. § 853(n)(6)(B) & (A).

While this Court has not identified a First Circuit decision reciting a rule that would dispose of the present action, many other circuits have held that third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited. DSI Associates LLC v. U.S., 496 F.3d 175, 183 (2nd Cir. 2007); see also U.S. v. McHan, 345 F.3d 262, 269 (4th Cir. 2003), U.S. v. Gilbert, 244 F.3d 888, 910 (11th Cir. 2001). These decisions have interpreted that § 853 bars actions at law or equity alleging an interest in the property subsequent to an indictment of the property. Id. (citing De Almeida v. United States, 459 F.3d 377, 381 (2d Cir.2006)). The Supreme Court has also described § 853(n) as the "means by which third-party rights must be vindicated." Libretti v. United States, 516 U.S. 29, 44, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995)

Accordingly, the exclusive steps for obtaining relief from a preliminary forfeiture are those outlined in § 853(n) and § 1963 (I). U.S. v. Soreide, 461 F.3d 1351, 1354 (11th Cir. 2006). Moreover, § 853(n) is the only avenue for a third party to make a claim after the preliminary forfeiture order has been entered. Id.

With regards to claims regarding the Due Process Clause of the Fifth Amendment, Plaintiff cannot allege sufficient injury-in-fact. Its claim is for a maritime mortgage guaranteed by the Vessel, which will not disappear during the pendency of the criminal action. The Due Process Clause is not a concern in this action, because Plaintiff may eventually intervene as directed under § 853(n). There is little doubt that Plaintiff has a claim arising from 28 U.S.C. § 853(n)(2), and will be able to assert its right to the Vessel in due time. Furthermore, under 21 U.S.C. 853(i)(1), "[a] third party that possesses an interest in forfeited property yet does not meet the standing requirements of 853(n) may petition the Attorney General for redress. . ." DSI Associates, 496 F.3d at 187. Nothing impedes Plaintiff from contacting the Attorney General in order to coordinate the proper preservation and maintenance of the Vessel should this

be a significant concern. The pleadings do not suggests these efforts would necessarily be futile. Accordingly, this Court concludes that Plaintiff has not stated any grounds for concern regarding its rights under the Due Process Clause.

**Conclusion**

Based on the foregoing, this Court **GRANTS** Defendants' request for dismissal. The instant case is hereby **DISMISSED without prejudice**. Judgement shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of October, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge